I. EFFIE ECKMAN, RESPONDENT, v. BRADLEY WOOD, APPELLANT.

Submitted February 13, 1931—Decided May 18, 1931.

For the appellant, *Walter R. Carroll.*

For the respondent, *Harry R. Cooper.*

The opinion of the court was delivered by

CAMPBELL, J.   The action was brought for the purpose of recovering compensation for services rendered by the plaintiff-respondent, as a nurse, to the defendant-appellant, from February 17th, 1926, to December 14th, 1929.

The trial of the issue resulted in a verdict in favor of the plaintiff-respondent for $12,000 and from the judgment entered thereon the defendant-appellant appeals.

There are two grounds urged for reversal:

1. That it was error to permit the plaintiff below to testify in her own behalf, over objection, because the defendant below was under a legal disqualification, viz., mental incapacity.

2. Because it was error to deny the motion of the defendant below for a nonsuit.

Under the first ground the appellant urges and calls to his assistance section 3 of the Evidence act (2 *Comp. Stat.* 1910, *p.* 2218), which provides: "No person shall be disqualified as a witness in any suit or proceedings at law or in equity by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credit; *provided, no party shall be sworn in any case when the opposite party is prohibited by any legal disability from being sworn as a witness."*

When the plaintiff below was called as a witness the attorney for the defendant below objected to her being sworn "on the ground that the defendant here is legally disqualified and cannot be sworn as a witness and, therefore, she cannot be sworn on her own behalf."

The trial judge recognized the statutory prohibition, before quoted, but remarked that no such disqualification had been shown. To this the attorney for the defendant below replied that the testimony of two physicians had been heard and that "there was also a stipulation entered into between Mr. Cooper and myself with respect to this man's mental condition so I think that the man's mental capacity is here quite firmly established in this case," to which the trial judge replied that the difficulty was that the defendant had not been shown to be disqualified and to which the attorney for the plaintiff below added "this stipulation with Mr. Carroll having been entered into does not disqualify this witness to testify." To this counsel for the defendant replied: "The question of whether the witness is mentally incompetent to testify is primarily one for the trial judge to determine. For instance, that stipulation was entered into at my suggestion in order to save the party's estate the expense of bringing down to Freehold those experts by whom he had been previously examined and their depositions are on file in this case, being the basis of the order made by Justice Bodine appointing me counsel in this case."

Now, it appears that upon the service of the summons and complaint in this cause a motion was made before Mr. Justice

Bodine to strike out the service. This was denied. At that time, by depositions or from other sources, the justice being satisfied of the unsoundness of mind of the defendant, made an order finding that the defendant was "so weak of mind as to be unable to take care of his property" and "that said Bradley Wood is so mentally incompetent as to be unable to understand the nature and effect of the present proceeding," and directing the appointment of attorneys to represent the defendant in the action; such appointment being made under authority of *Van Horn* v. *Hann*, 39 *N. J. L.* 207.

This order appears in the state of case before us, but it does not appear that it was before the trial judge at Circuit, either as a part of the formal record before him, or by being formally presented to him by counsel for the defendant. We cannot say, therefore, that such orders and its finding were before the trial court.

The stipulation of counsel referred to, so far as the state of case shows, was not presented to the trial court at the time the challenge was made. Counsel for defendant, in his brief, says it was, but the record of the trial, by which we are governed, does not so show, but does show that it was offered and admitted in evidence during the defendant's case.

This is true also as to the record of the proceedings in the State of Pennsylvania, under which a guardian for the property and estate of the defendant was appointed.

At the time the challenge was made there appears to have been nothing before the trial judge, other than the statements of counsel, before set out, and the testimony of two physicians.

One of these, Dr. Ferguson, testified that the last time he saw the defendant, probably in June, 1928: "Well, it is hard to describe just exactly how his mental condition was. It was poor;" and that he did not think he was coherent and could talk intelligently and give intelligent and connected answers.

The other medical witness, Dr. Ackerman, testified that from November, 1928, down to the time of the trial, May 9th, 1930, the defendant was not mentally competent to transact financial business and understand the nature of it.

Now, this is far from establishing mental incompetency

sufficient to disqualify the defendant as a witness in his own behalf.

Even an adjudication under a writ *de lunatico inquirendo* is merely *prima facie* proof of disqualification, open, and subject to rebuttal. *Aber* v. *Clark,* 10 *N. J. L.* 217; *Hunt* v. *Hunt,* 13 *N. J. Eq.* 161; *Hill* v. *Day,* 34 *Id.* 150; *Sbarbero* v. *Miller,* 72 *Id.* 248, 264; *In re Coleman's Will,* 88 *Id.* 284; *affirmed,* 88 *Id.* 578.

We conclude, therefore, that at the time the objection was made there was nothing before the trial court upon which the challenge could be sustained and there was no error in the action complained of. And it is to be noted that after the stipulation and the proceedings in the Pennsylvania court had been admitted in evidence there was no application made by counsel of the defendant to strike out the testimony of the plaintiff, nor was there any other action taken respecting it.

The second ground urged presents no difficulties.

The motion for nonsuit was upon the ground that there were no facts presented by the proofs adduced upon the plaintiff's case, from which an implied promise to pay for the service could be inferred; but this was not so. It may well have been that the jury might have found that a relationship existed between the parties, of such a character as did not make for a promise to compensate for the services, or that the plaintiff in rendering the service did so as a volunteer. But there were also facts from which it could be found that the relationship was of a different character and that the services were rendered, and received, upon an implied promise that they should be paid and compensated for.

A distinct jury question was raised, and, therefore, it was not error to submit the question and to refuse the nonsuit.

We conclude that the judgment under review must be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.